IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMAN WALSH, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>DEFENDERS, INC., d/b/a Protect Your Home; ADT SECURITY SERVICES, INC.; and B&R RECOVERY, LLC,<br><br>        Defendants. | CASE NO.<br><br><br><br>Removed from the<br>Superior Court of New Jersey,<br>Middlesex County – Law Division<br>Docket No. MID-L-7520-15 |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Defenders, Inc. ("Defenders"), hereby removes this action currently pending in the Superior Court of New Jersey, Middlesex County – Law Division, Docket No. MID-L-7520-15, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 on the grounds that federal diversity jurisdiction exists under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").

### BACKGROUND

1. On December 23, 2015, Plaintiff Norman Walsh filed this class action in the Superior Court of New Jersey, Middlesex County – Law Division, Docket No. MID-L-7520-15. A copy of the Class Action Complaint and Jury Demand is attached as **Exhibit A**.

2. Plaintiff alleges, *inter alia*, that Defendants have violated the Truth-In-Consumer Contract, Warranty and Notice Act ("TCCWNA") at N.J.S.A. § 56:12-15 by offering and/or entering into written consumer contracts that contained provisions that violated a clearly established right of the consumer or a responsibility of the Defendant as established by State or

7404631 v3

federal law, and have violated New Jersey Consumer Fraud Act ("CFA") at N.J.S.A. § 56:8-19 by committing an unconscionable commercial practice against Plaintiff by assessing an early termination penalty of 75% of three years of alarm monitoring services, even though Plaintiff cancelled his contract shortly after it started. **Exhibit A**, ¶¶ 50, 58. Plaintiff purports to represent a state-wide class of consumers who entered into the same or similar contracts with Defendants in New Jersey. *Id.* at ¶¶ 46, 56.

## REMOVAL IS TIMELY

3.  Defenders was served on January 12, 2016. Accordingly, this Notice of Removal is filed within the thirty (30) day time frame provided by 28 U.S.C. § 1446(b).

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

4.  The Class Action Fairness Act of 2005 ("CAFA") applies to civil class actions commenced on or after February 18, 2005. *See* Pub. L. No. 109-2 § 9, 119 Stat. 4, 14 (2005).

5.  Under CAFA, this Court has original federal jurisdiction of any class action in which the proposed class has at least 100 members, where the amount in controversy exceeds the sum or value of $5,000,000 exclusive of costs and fees, and where any member of a putative class is a citizen of a different state than any defendant. 28 U.S.C. §1332(d)(2)(A); *see Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

## MINIMAL DIVERSITY OF CITIZENSHIP EXISTS

6.  "Minimal diversity" exists if the citizenship of "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant." *See* 28 U.S.C. § 1332(d)(2)(A) (emphasis added).

7. Defendant Defenders is a corporation organized under the laws of Indiana, with its principal place of business in Indianapolis, Indiana. See Declaration of Ryan F. Threlkeld, at ¶ 2 (**Exhibit B**).

8. A corporation is a citizen of every state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. §1332(c)(1). Thus, Defenders is a citizen of Indiana.

9. As alleged in the Petition, Plaintiff Norman Walsh is a citizen of the State of New Jersey who resides in Oak Ridge, New Jersey. *See* **Exhibit A**, ¶ 8. Plaintiff has brought this action on behalf of himself and a putative class of New Jersey consumers who entered contracts for home security equipment and monitoring services. *Id.* at ¶ 1.

10. Here, minimal diversity exists as Plaintiff alleges that he is a citizen and resident of the State of New Jersey and all putative class members are New Jersey consumers who entered contracts for home security equipment and monitoring services, while Defenders is a citizen of a different state, Indiana.

## THE PROPOSED CLASS EXCEEDS 100 MEMBERS

11. As alleged in the Petition, Plaintiff defines class as "[a]ll natural persons who entered into an Alarm Services Contract with Defendant Defenders using a form contract the same as or similar to the contract used in the transaction with Plaintiff for alarm services for a New Jersey residential house or apartment on or after the date six years prior to the date of filing this action." See **Exhibit A**, ¶ 34.

12. Although Plaintiff concedes that "[t]he class for whose benefit this action is brought is so numerous that joinder of all members is impracticable," *id*. at ¶ 35, for purposes of this Notice of Removal Defenders states that during the calendar year 2010, the first year of the

six-year class period alleged in the Petition, 3,567 customers entered into a new Alarm Services Contract in the state of New Jersey for the sale and monitoring of a residential home security system. Decl. of Ryan F. Threlkeld, Ex. B at ¶ 6.

13. Accordingly, there are at least 100 individuals in the putative class.

## THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

14. Based on the varied class-wide injunctive and monetary relief sought by Plaintiff's statutory claims, the total amount in controversy is well in excess of the $5 million minimum for CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(6).

15. Plaintiff's Petition seeks the following relief: *See* **Exhibit A**, pp. 9-10.:

(a) statutory damages under TCCWNA at N.J.S.A § 56:12-17;

(b) injunctive relief pursuant to R. 4:32-1(b)(2), or alternatively certifying the class for money damages under R. 4:32-1(b)(3);

(c) injunctive relief requiring Defendants to send formal notice to all Subclass members, advising them of the declaratory ruling and of their right to seek remedies under the CFA, on their own and independent of this action, if they suffered an ascertainable loss resulting from Defendants' violations; injunctive relief enjoining Defendants from engaging in future violations of the CFA, New Jersey decisional law, and TCCNWA;

(d) as to Plaintiff only, treble damages, pursuant to the CFA at N.J.S.A. § 56:8-19;

(e) reasonable attorneys' fees and costs of suit in connection with this action pursuant to the CFA at N.J.S.A. § 56:8-19, and TCCNWA at N.J.S.A. § 56:12-17; pre-judgment and post-judgment interest; "such other and further relief as the Court deems equitable and just."

16. A seller who violates the TCCWNA is liable "for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." N.J.S.A. § 56:12-17; *see Slack v. Suburban Propane Partners, L.P.,* 2010 U.S. Dist. LEXIS 135530 (D.N.J. Dec. 22, 2010).

17. Here, Plaintiff alleges seven violations of the TCCWNA based on the Alarm Services Contract he entered with Defenders. *See* **Exhibit A**, ¶¶ 51-52. These allegations include violations for: (1) an unconscionable fee under N.J.S.A. 56:8-2; (2) illegal waivers of liability under N.J.S.A. 56:12-16 and 56:8-19; (3) two different unconscionable commercial practices; (4) contradicting New Jersey law on the extent to which businesses may shorten the statute of limitations; and (5) two violations of N.J.S.A. 56:12-16 by including certain disclaimers. *See* **Exhibit A**, ¶¶ 51-52.

18. If Plaintiff is successful on just one of these allegations, Defenders can be held liable for at least $100 in statutory damages for each putative class member. *Id*. at ¶ 55. Based on the 3,567 individuals who entered into Alarm Services Contracts with Defenders during the 2010 calendar year, Defenders could be held liable for statutory damages totaling $356,700.

19. In addition, Plaintiff also seeks injunctive relief and a declaratory ruling that Defenders violated the CFA by committing an unconscionable commercial practice against Plaintiff and the putative class by assessing an early termination penalty of 75% of three years of alarm monitoring services. If successful, the CFA permits consumers to recover a full refund for all offending transactions, N.J. Stat. § 56:8-2.11, as well as treble damages for any actual damages, and attorney's fees. N.J. Stat. § 56:8-19.

20. With respect to the potential damages recoverable in Plaintiff's individual CFA claim, Plaintiff alleges he entered into an Alarm Services Contract with Defenders in September 2010, and paid $137.17 for equipment installation, in addition to agreeing to pay a monthly alarm monitoring fee of $33.99 for a three (3) year term. *See* **Exhibit A**, ¶¶ 16, 21, 22. Plaintiff also alleges he suffered an additional ascertainable loss based on the early termination fee of $917.73, which he was assessed after cancelling his contract with Defenders; this sum represents

75% of the total amount of alarm monitoring fees he would have paid for a three-year contract at $33.99 per month. *Id.* at ¶¶ 23, 27. Accordingly, Plaintiff's contractual damages are approximately $1,054.90. Based on Plaintiff's request for treble damages, his total individual damage claim would be approximately $3,165.

21. With respect to the potential damages recoverable by the putative class under Plaintiff's CFA claim, Plaintiff attempts to creatively plead around the amount-in-controversy threshold in two ways: 1) by requesting various forms of injunctive relief on behalf of the class and a declaratory ruling that the class be notified of their ability to recover individual damages in a separate proceeding; and 2) by disclaiming any treble damages under the CFA on behalf of the class. This Court, however, must disregard Plaintiff's tactics for two reasons. First, under the prevailing law of this Circuit, this Court must generally quantify the value of injunctive relief when determining the amount in controversy. *Grace v. T.G.I. Fridays, Inc.*, 2015 U.S. Dist. LEXIS 97408, at *26 n.8 (D.N.J. July 27, 2015), citing *In re Corestates Trust Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994). Thus, even if Plaintiff does not seek to recover damages in this proceeding, the requested injunctive and declaratory relief on behalf of the class must be calculated. Further, in *Knowles v. Standard Fire Ins. Co.*, 133 S. Ct. 1345, 1349 (2013), the Supreme Court rejected the ability of a named plaintiff to stipulate or otherwise bind the putative class (prior to class certification) by disclaiming damages for purposes of determining the amount in controversy.

22. Accordingly, to determine the total value of the injunctive relief requested by the Plaintiff on behalf of the putative class, this Court must quantify the potential value of the declaratory ruling to certify the class for "money damages" and issue notice that they be permitted to recover their ascertainable losses as requested by Plaintiff.

23.     As stated *supra*, 3,567 customers entered into an Alarm Services Contract in the state of New Jersey for the 2010 calendar year (including the Plaintiff).  Under the contract, these customers paid a monthly fee for monitoring services ranging from $32.99 to $47.99 per month, for an average fee of approximately $40 per month.  Accordingly, over the course of the standard three-year Alarm Services Contract, a customer in New Jersey who entered into such a contract in 2010 would have paid a range from $1,188 to $1,728 in alarm monitoring fees, for an average of approximately $1,440.

24.     Accordingly, if Plaintiff is successful in his claim and a declaratory ruling is issued that all of the Alarm Services Contracts entered into by the putative class violate New Jersey's CFA, then each putative class member would be entitled to a full refund on the amount paid pursuant to those contracts.  In addition to Plaintiff, the other 3,566 putative class members in the 2010 calendar year could recover the full value of their three-year contracts.  For those 3,566 putative class members, the recoverable refund in monitoring fees would range from approximately $4,236,408 to $6,162,048, with a potential average of $5,135,040.

25.     Furthermore, under both the CFA and the TCCWNA, the Court may award reasonable attorney's fees and costs.  *See* N.J.S.A. 56:12-19; N.J.S.A. 56:8-19.  The Third Circuit has held that a court may estimate as much as 30% of that amount in fees.  *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007).  Accordingly, the potential aggregate damages include:

(a)     CFA actual damages for Plaintiff ($3,165);

(b)     Total value of CFA injunctive relief and declaratory requested for the class ($4,236,408 to $6,162,048);

(c)     TCCWNA statutory damages no less than $100 per class member ($356,700).

Thus, thirty percent attorneys' fees of the aggregate potential damages range from approximately $1.38 million to $1.95 million.

26. Plaintiff's allegations demonstrate that CAFA's amount in controversy requirement is satisfied because the legally recoverable damages and fees in this matter exceed $5,000,000.

27. Accordingly, this Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) & (6) because this class action: (a) has a proposed class of least 100 members; (b) has at least one member of the purported class whom is a citizen of a state different than Defendants; and (c) the amount in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs.

28. For the foregoing reasons, this action is removable pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

**DEFENDANTS HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL**

29. Counsel for Defenders certifies that a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, Middlesex County, pursuant to 28 U.S.C. § 1446(d).

30. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served upon Defenders are attached hereto as **Exhibit C**.

31. Under CAFA any defendant may remove the action without the consent of all defendants. 28 U.S.C. § 1453(b); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F. 3d 144, 151 n.8 (3d Cir. 2009).

32. Defenders reserve the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

WHEREFORE, Defenders give notice that the above-described action pending in the Superior Court of New Jersey, Middlesex County is removed to this Court.

        Respectfully submitted,

        SHOOK, HARDY & BACON L.L.P.


        By: /s/ Joanna T. Vassallo
           Joanna T. Vassallo, Bar No. 024642009
           Two Commerce Square
           2001 Market Street, Suite 3000
           Philadelphia, PA 19103-7014
           Telephone:  215-278-2555
           Facsimile:  215-278-2594
           jvassallo@shb.com

        *Attorneys for Defendants*
        *Defenders, Inc., d/b/a Protect Your Home*
        *and ADT LLC,  f/k/a ADT Security Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of February, 2016, a true and correct copy of the foregoing was served via U.S. Mail to counsel of record as follows:

> Henry P. Wolfe
> THE WOLFE LAW FIRM, LLC
> 1520 U.S. Highway 130
> Suite 101
> North Brunswick, NJ  08902
>
> *Attorneys for Plaintiff Norman Walsh*

/s/ Joanna T. Vassallo
Joanna T. Vassallo
