**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

NOT FOR PUBLICATION

| | |
|---|---|
| NORMAN WALSH, on behalf of himself and others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>DEFENDERS INC, *et al.*,<br><br>     Defendants. | Civil Action No.<br><br>2:16-CV-753-ES-SCM<br><br><br>**ON PLAINTIFF'S MOTION TO REMAND [D.E. 7]** |

**REPORT AND RECOMMENDATION**

**STEVEN C. MANNION**, United States Magistrate Judge.

   Before the Court is Plaintiff Norman Walsh's ("Mr. Walsh") Motion to Remand.[1] Defendants, Defenders Inc. ("Defenders") and ADT Security Services, Inc. (collectively "Defendants") oppose the motion.[2] Under Local Civil Rule 72.1(a)(2), the Honorable Esther Salas, United States District Judge referred this motion to the undersigned for report and recommendation. Having reviewed and considered the parties' submissions and their oral arguments, it is respectfully recommended that Mr. Walsh's Motion to Remand be **DENIED**.

---

[1] (ECF Docket Entry No. ("D.E.") 7).

[2] (D.E. 11).

**I.      BACKGROUND**

This putative class action arises out of contracts for the installation of home security systems and monitoring services. The crux of Mr. Walsh's allegations is that Defenders "buried" unlawful provisions in its consumer contracts in alleged violation of various New Jersey laws.[3]

Mr. Walsh alleges Defenders solicited him to purchase and install an ADT alarm system with monitoring services for his home.[4] After Defenders made alleged assurances, Mr. Walsh signed a standard alarm services contract ("Alarm Services Contract") for a three-year term.[5] During the initial weeks of service, the ADT system failed to operate properly and Mr. Walsh cancelled his subscription.[6] According to the Amended Complaint, the Alarm Services Contract contained several form provisions which unconscionably limited liability, imposed a one-year statute of limitations, and required customers to pay an early termination fee amounting to 75% of the entire three-year contract, regardless of how early the contract was cancelled.[7] Mr. Walsh

---

[3] (D.E. 6-4, Am. Compl. ¶ 1).

[4] (*Id.* ¶ 12).

[5] (*Id.* ¶¶ 13, 15, 21).

[6] (*Id.* ¶ 26).

[7] (*Id.* ¶¶ 2, 27).

alleges that such unlawful provisions violate New Jersey's Consumer Fraud Act ("CFA")[8] and Truth-In-Consumer Contract, Warranty and Notice Act ("TCCWNA").[9]

Mr. Walsh filed this lawsuit on December 23, 2015 in the Superior Court of New Jersey, Middlesex County, on behalf of himself and of a putative class consisting of "[a]ll natural persons who entered into an ADT form Alarm Services Contract the same as or similar to the contract used in the transaction with Plaintiff for alarm services for a New Jersey residential house . . . that was assigned to or purchased by ADT."[10] The Amended Complaint, filed on February 4, 2016, also seeks certification of a subclass of customers who were charged the unconscionable early termination penalty, setting forth claims for treble damages under the CFA and declaratory and injunctive relief.[11]

While Mr. Walsh initially brought this action against Defenders, ADT Security Services, Inc. and B&R Recovery LLC, the Amended Complaint removed B&R Recovery LLC,[12] and added ADT LLC

---

[8] (*Id.* ¶¶ 1-3 citing N.J.S.A. § 56:8-19).

[9] (*Id.* ¶¶ 1-3 citing N.J.S.A. § 56:12-15).

[10] (D.E. 6-1 ¶ 34).

[11] (D.E. 6-4, Am. Compl. ¶ 4).

[12] The parties reached a settlement soon after the filing of the original complaint (*See* D.E. 7-1 at P 5).

as a party defendant.[13] According to Defenders, ADT Security Services, Inc. no longer exists and is survived by both Tyco Integrated Security LLC ("Tyco") and ADT LLC, two Delaware limited liability companies.[14]

On February 11, 2016, Defenders, an Indiana corporation with its principal place of business in Indianapolis, Indiana removed this action on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA").[15] CAFA grants federal courts original jurisdiction over class actions in which (1) the matter in controversy (i.e., the aggregated claims of the individual class members) exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) any member of a class of plaintiffs is a citizen of a state different from any defendant, and (3) the class has at least 100 members.[16] On March 14, 2016, Mr. Walsh moved to remand, challenging Defenders ability to establish that the amount in controversy satisfies CAFA's $5 million jurisdictional threshold, and alternatively

---

[13] (D.E. 6-4, Am. Compl. ¶ 6).

[14] (D.E. 7-1, Mot. to Remand P 5; D.E. 11-1 Decl. of Suzanne Goldberg ("Goldberg Decl.") ¶¶ 3-6).

[15] (D.E. 1, Notice of Removal ¶ 7).

[16] 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

arguing that the matter be remanded on the basis of the local controversy exception to CAFA.[17]

## II. LEGAL STANDARD

Under 28 U.S.C. § 1447(c), a case must be remanded to state court if, at any time before final judgment, it appears that the district court lacks subject matter jurisdiction. "A party asserting federal jurisdiction in a removal case bears the burden of showing 'that the case is properly before the federal court.'"[18] Unlike other removal statutes, CAFA does not carry any anti-removal presumption.[19] "Generally, a defendant's plausible allegations regarding the amount in controversy will suffice, but if the plaintiff contests or the court questions those allegations, evidence establishing the amount is required."[20] Calculating the amount in controversy requires "examining both the dollar figure offered by the plaintiff and [p]laintiff's actual legal claims" as well as the proofs offered by both sides

---

[17] *See* 28 U.S.C. § 1332(d)(4).

[18] *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014)(quoting *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)); *see also Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006).

[19] *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

[20] *Leff v. Belfor USA Group, Inc.*, 2015 U.S. Dist. LEXIS 71003 (D.N.J. June 1, 2015) (quoting *Dark Cherokee*, 135 S. Ct. at 554)).

to determine whether the amount in controversy has been met by a preponderance of the evidence.[21] In addition to looking at plaintiff's complaint, a court may also rely on a defendant's notice of removal.[22]

## III. DISCUSSION

### A. Sufficiency of Allegations in the Notice of Removal

The first issue is whether Defenders' Notice of Removal contained sufficient detail to support the allegation that the amount in controversy plausibly exceeds $5,000,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[23] "Thus, the grounds for removal should be made in 'a short plain statement,' just as required of pleadings under Fed. R. Civ. P. 8(a)."[24] No evidentiary support is required, and the Court should accept a defendant's

---

[21] *Grace v. T.G.I. Fridays, Inc.*, No. 14-7233, 2015 U.S. Dist. LEXIS 97408, at *8-9 (D.N.J. July 27, 2015)(internal citations and quotation marks omitted).

[22] *Frederico*, 507 F.3d at 195, 198.

[23] *Dart Cherokee*, 135 S. Ct. at 554.

[24] *Grace*, 2015 U.S. Dist. LEXIS 97408, at *8-9 (citing *Dart Cherokee*, 135 S. Ct. at 553).

allegations unless they are contested by the plaintiff or questioned by the Court.[25]

As an initial matter, the Court finds that Defenders timely removed this action. Contrary to Mr. Walsh's position, the Amended Notice of Removal is proper to the extent it merely clarifies the jurisdictional amount set out in the original notice.[26] Accordingly, the Court also finds that Defenders plausibly allege the amount in controversy exceeds $5,000,000 under CAFA.[27] The Notice of Removal identifies 3,567 customers, including Mr. Walsh, who executed new Alarm Services Contracts with Defenders in 2010.[28] Since each putative class member is potentially entitled to a minimum $100 penalty under TCCWNA, Defenders may be liable for $356,700 in statutory damages.[29] If Mr. Walsh is successful on his claim seeking injunctive relief and a declaratory ruling that Defenders violated the CFA, the putative class members may also "recover the full value of their

---

[25] *See Dart Cherokee*, 135 S. Ct. at 554.

[26] *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205-06 (3d Cir. 2003); *see also State Farm Indem. V. Fornaro*, 227 F. Supp. 2d 229, 240-41 (D.N.J. 2002); § 3733 Procedure for Removal—Content and Amendment of the Notice of Removal, 14C Fed. Prac. & Proc. Juris. § 3733 (4th ed.).

[27] (D.E. 1 ¶¶ 12, 14; D.E. 6 ¶¶ 14, 16).

[28] (D.E. 1 ¶¶ 17-18).

[29] (*Id.* ¶ 18).

three-year contracts."[30] The 3,567 customers who entered New Alarm Services Contracts could be issued a full refund between $4,236,408 and $6,162,048, at an average of $5,135,040.[31]

Based on the varied injunctive, monetary relief, and attorneys' fees award ($1.68 to $2.26 million), Defenders state that the total amount in controversy is "well in excess" of the jurisdictional threshold.[32] Mr. Walsh's argument that Defenders' allegations do not include enough "evidentiary heft" confuses the applicable notice of removal standard.[33] Because "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint,'" the Court finds that Defenders has met their initial burden in demonstrating the amount in controversy plausibly exceeds $5,000,000.[34]

**B.   Challenged Amount in Controversy**

While Defenders allegations are sufficient, the Court's inquiry does not end there because the Motion to Remand contests Defenders' assertion that CAFA's jurisdictional amount has been

---

[30] (*Id.* ¶ 24).

[31] (*Id.*).

[32] (D.E. 1 ¶¶ 12, 14; D.E. 6 ¶¶ 14, 16).

[33] (D.E. 7-1 P 14).

[34] *Dart Cherokee*, 135 S. Ct at 553 (internal citations omitted).

met. When the sufficiency of the jurisdictional allegations in a notice of removal is challenged, the parties must submit proofs for the court to decide, by a preponderance of the evidence, whether the jurisdictional requirements are satisfied.[35] As the removing party, Defenders bear the burden of demonstrating that this action exceeds CAFA's $5,000,000 amount by a preponderance of the evidence.

For purposes of CAFA, the amount in controversy is established by aggregating the claims of individual class members, exclusive of interests and costs.[36] Here, Defenders estimate "at least $7,276,273 to $9,781,913 in total potential recovery" based on the putative class' demand for statutory civil penalties, actual damages, injunctive relief, and attorneys' fees.[37] In opposition, Mr. Walsh's sole substantive argument is that Defenders has failed to "plausibly" allege the amount in controversy exceeds $5,000,000.[38] The Court disagrees and finds that Defenders has met its burden in establishing CAFA's amount in controversy by a preponderance of the evidence.

---

[35] *Id.* at 554.

[36] 28 U.S.C. § 1447(c).

[37] (D.E. 11 at PP 8-9).

[38] (D.E. 7-1, Mot. to Remand PP 13-14).

Defenders initially calculated $356,700 in statutory penalties under TCCWNA yet this "original estimate conservatively limited itself to just one violation."[39] Since the Amended Complaint alleges *seven* TCCWNA violations, the potential total in statutory damages amounts to $2,496,000.[40] Defenders also indicate that $3,973,350.61 is recoverable by the subclass.[41] While Mr. Walsh argues that Defenders previous "failure to plausibly allege the size of the *subclass* is fatal" to calculate the amount in controversy to properly remove this action, the Declaration of Corey Gates, Senior Manager of ADT LLC, identifies "10,694 New Jersey customers" who were charged early termination fees equal to 75% of their three-year Standard Alarm Services Contracts.[42]

Transactions in violation of the CFA permit customers to recover a full refund as well as treble damages for any actual damages and attorney's fees.[43] Defenders aver that Mr. Walsh has attempted to "creatively plead" around the amount in controversy requirement by demanding treble damages for Mr. Walsh only,

---

[39] (*Id.* at P 9).

[40] (*Id.*) (emphasis added).

[41] (*Id.*).

[42] (D.E. 11-1, Decl. of Corey Gates ¶ 5).

[43] N.J. Stat. § 56:8-2.11; N.J. Stat. § 56:8-19.

rather than the entire subclass.[44] The Court need not address this issue because even without a recovery of treble damages on behalf of the subclass, statutory penalties ($2,496,000), the CFA claim for injunctive relief ($3,973,350.61), and 30% attorney's fees ($1,299.964.88) amounts to $7,769,315.49.[45] Defenders assertion that the amount in controversy exceeds $5,000,000 is therefore supported by a preponderance of the evidence and this Court has proper subject matter jurisdiction.

### C. Whether the Case Must Be Remanded Under the Local Controversy Exception

The final issue is whether the local controversy exception requires remand. Within CAFA, one exception known as the "local controversy exception" directs district courts to decline jurisdiction where the party invoking the exception establishes six factors by a preponderance of the evidence:

> (1) Greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the

---

[44] (D.E. 11 at PP 10-11).

[45] (*Id.* at P 12).

defendants had been filed in the preceding three years.[46]

Mr. Walsh asserts that each of the above elements is satisfied and remand is required.[47] For example, Mr. Walsh argues the second element – that at least one defendant is a citizen of the state in which the action was originally filed – is met because defendant ADT Security Services, Inc. maintains its executive offices in Princeton, New Jersey, making it a "local defendant."[48]

However, ADT Security Services, Inc. no longer exists, it is survived by Tyco, a Delaware limited liability company.[49] Tyco was assigned the ADT commercial business operations, and the Alarm Services Contracts at issue in this case were assigned ADT LLC.[50]

Defenders contend that remand must be denied because the local controversy exception does not apply. It argues that ADT

---

[46] 28 U.S.C. § 1332(d)(4)(A); *Vodenichar*, 733 F.3d at 506; *Lee v. Central Parking Corp.*, 2015 WL 4510128, at * 13 (D.N.J. July 24, 2015).

[47] (*See generally* D.E. 7-1, Mot. to Remand).

[48] (*Id.* at PP 10-11).

[49] (D.E. 11 at P 13 n.5; D.E. 11-1, Decl. of Suzanne Goldberg ¶ 4).

[50] (*Id.* ¶¶ 6-7).

LLC is the "proper party defendant" in this matter,[51] and is not a local defendant. ADT LLC, holds the alarm monitoring services contract Plaintiff signed with Defenders, Inc. and, Defenders argues, it is not a "local defendant" because its principal place of business is in Boca, Raton, Florida.[52]

The citizenship of an unincorporated entity, however, such as a limited liability company is determined by the citizenship of each of its members or partners, not its principal place of business.[53] Since Defenders only listed the principal places of business for both Tyco and ADT LLC, the Court requested the submission of supplemental certifications on the citizenship of each entity's members.

The Declaration of Suzanne Goldberg makes clear that ADT LLC's sole member is ADT US Holdings, Inc., a Delaware corporation with its principal place of business in Boca Raton, Florida.[54] The sole member of Tyco is Tyco Fire & Security US Holdings LLC, whose sole member is Tyco Fire & Security (US)

---

[51] (D.E. 11 at P 13).

[52] (*Id.* ¶ 5).

[53] *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

[54] (D.E. 19 ¶ 3).

13

Management, Inc., a Nevada corporation with its principal place of business in Princeton, New Jersey.[55]

The Court finds that for purposes of establishing citizenship, Tyco is a New Jersey citizen while ADT LLC is not.[56] The Court nevertheless agrees with Defenders that ADT LLC's citizenship is controlling as it was assigned the Alarm Services Contracts at issue. As the "proper party defendant," ADT LLC is not a citizen of New Jersey and cannot constitute a local defendant. Accordingly, the Court finds that Mr. Walsh has not met his burden and CAFA's local controversy exception does not apply. It is therefore recommended that remand be denied.

## IV.   RECOMMENDATIONS

For the reasons articulated herein, the undersigned respectfully recommends that Plaintiff's Motion to Remand be **DENIED**.[57]

The parties have fourteen days to file and serve any objections to this Report and Recommendation.[58] "The District

---

[55] (D.E. 20 at ¶¶ 6 - 7).

[56] (*Id.*).

[57] (D.E. 7).

[58]  28 U.S.C. § 636 and Local Civil Rule 72.1(c)(2).

14

Court need not consider frivolous, conclusive, or general objections."[59]



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

7/15/2016 2:12:27 PM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc:  All parties
     File

---

[59] *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.1987).

15