NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORMAN WALSH, on behalf of himself and others similarly situated, | |
| Plaintiff, | Civil Action No. 16-0753 (ES) (SCM) |
| v. | MEMORANDUM OPINION |
| DEFENDERS, INC., et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff's motion to remand this action to the Superior Court of New Jersey. (D.E. No. 7). This Court referred Plaintiff's motion to the Honorable Steven C. Mannion, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). On July 15, 2016, Magistrate Judge Mannion issued a Report and Recommendation (the "R & R") that the undersigned deny Plaintiff's motion. (D.E. No. 27). The parties had fourteen days to file and serve any objections to the R & R pursuant to Local Civil Rule 72.1(c)(2). On July 29, 2016, Plaintiff filed an objection to the R & R. (D.E. No. 28 ("Plaintiff's Objection")).[1] For the reasons set forth below, the Court adopts in relevant part Magistrate Judge Mannion's R & R and denies Plaintiff's motion to remand.

---

[1]   Plaintiff's Objection is improperly classified on the Court's ECF System as a "Response" instead of an "Objection to Report & Recommendation." (*See* D.E. No. 28).

I. **BACKGROUND**

The Court provides the background of this action in summary fashion because Magistrate Judge Mannion provided the relevant factual and procedural background in the R & R. (*See* D.E. No. 27 at 2-5).

On December 23, 2015, Plaintiff filed an initial complaint in state court. (D.E. No. 1-1, Ex. A). On February 4, 2016, Plaintiff filed an amended complaint. (D.E. No. 6-4, Ex. D). The crux of Plaintiff's allegation is that Defendants "buried" unlawful provisions in its consumer contracts in violation of numerous New Jersey laws. (*Id.* ¶ 1). Defendant Defenders, Inc. ("Defenders"), an Indiana corporation with its principal place of business in Indianapolis, Indiana, removed Plaintiff's action to this Court on February 11, 2016, asserting federal diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"). (D.E. No. 1 at 1). Plaintiff, however, moved to remand, arguing that remand is mandated under CAFA's "local controversy" exception and proper because Defenders failed to plausibly allege CAFA's $5,000,000 amount in controversy threshold. (D.E. No. 7-1 at 1). In the R & R, Magistrate Judge Mannion disagreed with Plaintiff, finding (among other things) that "CAFA's local controversy exception does not apply" and "Defenders has met [its] initial burden in demonstrating the amount in controversy plausibly exceeds $5,000,000." (D.E. No. 27 at 8, 14).

II. **LEGAL STANDARD**

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R.

72.1(c)(2)).[2]

## III. DISCUSSION

Plaintiff's sole objection to the R & R concerns the local controversy exception to diversity jurisdiction under CAFA. (D.E. No. 28 at 2). Specifically, Plaintiff argues that Magistrate Judge Mannion's R & R was "based on the incorrect conclusion that there is no 'local defendant' (a defendant who is a New Jersey citizen) in this action as required by the local controversy exception, 28 U.S.C. § 1332(d)(4)(A)." (*Id.*).

CAFA provides federal courts with jurisdiction over civil class actions if (i) the "matter in controversy exceeds the sum or value of $5,000,000," (ii) the aggregate number of proposed class members is 100 or more, and (iii) any class member is a citizen of a state different from any defendant. *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 503 (3d Cir. 2013) (citing 28 U.S.C. § 1332(d)(2), (d)(2)(A), (d)(5)(B)). Thus, the statute makes it easier for state court litigants to file or otherwise remove class actions to federal court by authorizing federal jurisdiction over class actions even in the absence of complete diversity between the parties. *Id.* Even when a litigant meets these requirements, however, federal jurisdiction is barred where the "controversy is uniquely" connected to the state in which the action was originally filed. *Id.* To that end, 28 U.S.C. § 1332(d)(4)(A), commonly known as the "local controversy exception," precludes federal jurisdiction where the following six factors are met:

> (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class

---

[2] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

      action asserting the same or similar allegations against any of the defendants had
      been filed in the preceding three years.

*Id.* at 506.  Here, the parties agree that there is no dispute that elements one, five, and six are satisfied.  (D.E. No. 28-1 at 6-7).  Defendants contest elements two, three, and four.  (*See* D.E. No. 30 at 3-8).

      Plaintiff first argues that the "R&R's conclusion that ADTSSI-Tyco's[3] assignment of its assets and liabilities rendered it an improper 'party defendant' is clearly erroneous and ignores the well-established principle that a disclaimer of liability is good only against the purchaser of a predecessor's assets and liabilities, not against a nonconsenting third party."  (D.E. No. 28 at 4).  Plaintiff notes that "[a]ssignment makes the assignee another obligor; *it does not let the assignor off the hook*."  (*Id.* at 4) (emphasis in original).  And that "[t]he injured party can elect to proceed against the defunct corporation, the successor corporation, or both."  (*Id.* at 6).  Plaintiff then concludes, "Plaintiff and a vast number of putative class members therefore have claims directly against ADTSSI-Tyco, which were not extinguished by the assignment of its contracts to or assumption of its liabilities by ADT LLC."  (*Id.*).

      Plaintiff's successor-liability argument, however, is not inconsistent with Magistrate Judge Mannion's R & R.  The Court agrees with (and the R & R does not contradict) Plaintiff's argument that an assignment does not let an assignor off the hook.  And the Court agrees with (and the R & R does not contradict) Plaintiff's argument that an injured party can elect to proceed against the defunct corporation, the successor corporation, or both.  But Plaintiff's argument misses the mark—the R & R does not recommend that this Court dismiss assignor ADTSSI-Tyco

---

[3]     Defendant ADT Security Systems, Inc. changed its name to Tyco Integrated Security LLC.  (D.E. No. 11-1 at 3).  For ease of reference, the Court refers to ADT Security Systems, Inc. (now Tyco Integrated Security, LLC) as "ADTSSI-Tyco."

or otherwise limit Plaintiff's claims against it in any way. As Defendant ADTSSI-Tyco remains a defendant in this case, Plaintiff's first argument fails.

Because the R &R concluded that "[ADTSSI-Tyco] is a New Jersey citizen" (D.E. No. 27 at 13-14), the Court will address the next contested element of the local controversy exception— whether ADTSSI-Tyco's conduct forms a significant basis for the claims asserted. Plaintiff argues that "ADTSSI-Tyco's alleged conduct forms a significant basis for the class members' claims." (D.E. No. 28 at 7-9). "In relating the local defendant's alleged conduct to all the claims asserted in the action, the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the [d]efendants." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 156 (3d Cir. 2009). If the local defendant's alleged conduct is a significant part of the alleged conduct of all the defendants, then the significant basis provision is satisfied. *Id.* Whether this condition is met requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the defendants. *Id.*

The Third Circuit suggests nine non-exclusive areas of inquiry for determining whether the local defendant's alleged conduct provided a significant basis for the asserted claims:

> 1) the relative importance of each of the claims to the action; 2) the nature of the claims and issues raised against the local defendant; 3) the nature of the claims and issues raised against all the [d]efendants; 4) the number of claims that rely on the local defendant's alleged conduct; 5) the number of claims asserted; 6) the identity of the [d]efendants; 7) whether the [d]efendants are related; 8) the number of members of the putative classes asserting claims that rely on the local defendant's alleged conduct; and 9) the approximate number of members in the putative classes.

*Id.* at 158 n.13.

Plaintiff argues that "[c]omparing [D]efendants' alleged conduct as required by *Kaufman*, it is indisputable that ADTSSI-Tyco's conduct is at least as, if not more, significant, important,

and noteworthy to the claims of the class members as ADT LLC's and Defenders, Inc.'s conduct."[4] (D.E. No. 28 at 8-9). In support of his argument, Plaintiff states that "[n]ot only do all class members who entered into the contracts from 2009 through late 2012 have claims directly against ADTSSI-Tyco, but all of the policies, practices and contract provisions complained of in the Amended Complaint are alleged to have been devised and initiated by ADTSSI-Tyco and passed on to its successor ADT LLC." (*Id.* at 8-9). Thus, Plaintiff concludes, "even those putative class members who entered into contracts after the 2012 reorganization were nonetheless [a]ffected by ADTSSI's conduct." (*Id.* at 8-9). The Court is unpersuaded by Plaintiff's argument.

Defendant responds that ADTSSI-Tyco "did not even operate for a majority of the putative class period." (D.E. No. 30 at 7). Although not specifically calculated by the parties, the Court notes that the putative class period spans over six years—from December 23, 2009, to at least the filing of the Amended Complaint, February 16, 2016. (D.E. No. 6-4, Ex. D ¶ 34, D.E. No. 6 at 1). And during the six-year putative class period, ADTSSI-Tyco operated for only approximately two and one-half years, from December 23, 2009, to June 30, 2012 (when it "distributed all residential/small business assets and liabilities, including the contracts of the putative class at issue in this lawsuit[,] to ADT LLC"). (D.E. No. 19 ¶¶ 6-7, 16; D.E. No. 30 at 4). So, for three years

---

[4] The Court notes that Plaintiff's motion to remand does not engage in any comparison of Defendants' alleged action. (*See generally* D.E. Nos. 7-1 & 13; *see also* D.E. No. 11). Plaintiff's moving brief states:

> The third and fourth elements of the local controversy exception – requiring that the local defendant's conduct forms a significant basis for the claims asserted and that significant relief is being sought from the local defendant – are satisfied because the amended complaint alleges that Defendant ADT Security Services Inc. owed and conducted the ADT alarm business for about half of the class period (Am. Compl, ¶10), that it drafted the contract at issue, took assignment of it, and was a co-seller of the contract (Am. Compl, ¶¶18-20), and seeks TCCWNA damages and CFA equitable relief against ADT Security Services, Inc. arising from its use of that contract (Am. Compl. pp. 9-10, Prayer for Relief).

(D.E. No. 7-1 at 8).

and seven months (from July 1, 2012 to February 16, 2016)—the majority of the putative class period—it was Defendant ADT LLC's conduct that formed the basis for the claims asserted.

The Court finds that Plaintiff failed to demonstrate that ADTSSI-Tyco's conduct formed a significant basis for the asserted claims. Plaintiff failed to address the nine non-exclusive areas of inquiry for determining if the alleged conduct of a local defendant provided a significant basis for the claims asserted. *See Kaufman,* 561 F.3d at 158 n.13; *see also Mazzucco v. Kraft Foods Glob., Inc.*, No. 11-2430, 2011 WL 6936353, at *3 (D.N.J. Dec. 30, 2011) (denying plaintiff's motion to remand because plaintiff failed to address the relevant "areas of inquiry for determining whether the alleged conduct of a local defendant provided a significant basis for the claims asserted"). Specifically, Plaintiff failed to address (among other things): (1) the nature of the claims and issues raised against ADTSSI-Tyco (the alleged local Defendant) and the two non-local Defendants; (2) the number of claims asserted; and (3) the number of claims that rely on ADTSSI-Tyco's alleged conduct.

Because Plaintiff failed to demonstrate that ADTSSI-Tyco's conduct formed a significant basis for the asserted claims, the Court need not address the final contested element of the local controversy exception—whether the class members seek significant relief from ADTSSI-Tyco.[5]

---

[5] Although the Court need not address whether the class members seek significant relief from ADTSSI-Tyco, it notes that ADTSSI-Tyco "distributed all residential/small business assets and liabilities, including the contracts of the putative class at issue in this lawsuit[,] to ADT LLC." (D.E. No. 19 ¶¶ 6-7, 16; D.E. No. 30 at 4). Under Third Circuit law, "a federal court must disregard nominal or formal parties, and can base its jurisdiction only upon the citizenship of parties with a real interest in the litigation." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358 (3d Cir. 2013). Because ADTSSI-Tyco has transferred its liabilities to ADT LLC, ADTSSI-Tyco appears to have no actual interest in the outcome of the litigation, which would make it a "nominal party." *See id.* at 359 (finding that defendant who had transferred all "debts, liabilities and duties" had "no actual interest in the outcome of the litigation, making it a nominal party"); *see also Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) (explaining that a "nominal party" is one that lacks "a real interest in the litigation").

For these reasons, the Court finds Plaintiff's Objection unavailing and concludes that Plaintiff has failed to sustain his burden of showing that the local controversy exception applies.[6]

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this case to the Superior Court of New Jersey is denied. An appropriate Order accompanies this Opinion.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**

---

[6] It is well settled that the plaintiff bears the burden in proving that the local controversy exception to CAFA should be applied. *See Kaufman*, 561 F.3d at 153 ("Once CAFA jurisdiction has been established, . . . the party seeking remand has the burden of showing that the local controversy exception applies.").