**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **NORMAN WALSH**, on behalf of himself and others similarly situated, | Civil Action No. 16-0753 (ES) (SCM) |
| Plaintiff, | MEMORANDUM |
| v. |  |
| **DEFENDERS, INC.**, et al., |  |
| Defendants. |  |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Plaintiff Norman Walsh's motion for reconsideration of this Court's Order denying remand. (D.E. No. 44; *see also* D.E. No. 46 ("Pl. Mov. Br.")). Defendants opposed Plaintiff's motion. (D.E. No. 51). The Court has considered the parties' submissions and will decide Plaintiff's motion without oral argument. *See* Fed. R. Civ. P. 78(b). For the following reasons, the Court GRANTS Plaintiff's motion for reconsideration and REMANDS this case to the Superior Court of New Jersey, Middlesex County.

**I.     DISCUSSION**

   **A.  Background**

The parties are familiar with the facts and procedural posture of this case, so the Court will be brief. Plaintiff brought this putative class action in the Superior Court of New Jersey, Middlesex County, alleging (among other things) that Defendants "buried" unlawful provisions in their consumer contracts for home-security equipment and monitoring services. (D.E. No. 6-4, Am. Compl., ¶ 1). Plaintiff asserts claims under New Jersey's Truth-in-Consumer Contract, Warranty

and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14, *et seq.* (Count I) and the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. 56:8-1, *et seq*. (Count II).  (*Id.* ¶¶ 46-60).

Defendant Defenders, Inc. ("Defenders") removed Plaintiff's action to this Court based on federal diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA").  (D.E. No. 1 at 1).  Plaintiff then moved to remand, arguing in part that remand is mandated under CAFA's "local controversy exception."  (D.E. No. 7-1 at 6-9).  The Court referred Plaintiff's motion to the Hon. Steven C. Mannion, U.S.M.J., for a report and recommendation, and Magistrate Judge Mannion recommended that the Court deny Plaintiff's motion because "CAFA's local controversy exception does not apply."  (D.E. No. 27 (the "R&R") at 14).  Thereafter, the Court adopted Magistrate Judge Mannion's recommended disposition and denied Plaintiff's remand motion.  (D.E. Nos. 38 & 39).  Plaintiff now asks the Court to reconsider its denial of the remand motion.

**B. Legal Standard**

A motion for reconsideration is "an extraordinary remedy to be granted very sparingly." *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005).[1]  Under Local Civil Rule 7.1(i), there are three grounds for relief upon which a motion for reconsideration may be granted: "(1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  *Connolly v. Mitsui O.S.K. Lines (Am.) Inc.*, No. 04-5127, 2010 WL 715775, at *1 (D.N.J. Mar. 1, 2010).  "A motion for reconsideration is improper when it is used to ask the Court to rethink what it has already thought through—rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

---

[1] Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

### C. Analysis

Under CAFA, federal courts have subject-matter jurisdiction over any civil action "where there are at least 100 members in the putative class, minimal diversity is established, and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs." *Garcia v. Tempoe, LLC*, No. 17-2106, 2017 WL 6521372, at *2 (D.N.J. Nov. 15, 2017) (citing 28 U.S.C. § 1332(d)).  CAFA "allows a defendant to remove a qualifying class action from state to federal court."  *Id.*  But a district court must decline jurisdiction if one of CAFA's two mandatory exceptions apply.  *Id.*  Relevant here is the "local controversy exception," which precludes federal jurisdiction where the following six factors are met:

> (1) greater than two-thirds of the putative class are citizens of the state in which the action was originally filed; (2) at least one defendant is a citizen of the state in which the action was originally filed (the "local defendant"); (3) the local defendant's conduct forms a significant basis for the claims asserted; (4) plaintiffs are seeking significant relief from the local defendant; (5) the principal injuries occurred in the state in which the action was originally filed; and (6) no other class action asserting the same or similar allegations against any of the defendants had been filed in the preceding three years.

*Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 506-07 (3d Cir. 2013).

Here, Defendants contested the second, third, and fourth factors.  (D.E. No. 30 at 3-8).  The Court previously found that Plaintiff satisfied the second factor because Defendant ADTSSI-Tyco is a New Jersey citizen (D.E. No. 38 at 5), but failed to satisfy the third factor—that ADTSSI-Tyco's conduct formed a significant basis for the claims asserted (*id.* at 7).  Based on this finding, the Court did not analyze whether Plaintiff satisfied the fourth factor.

Plaintiff now seeks reconsideration based in part on new evidence obtained during class discovery.  (Pl. Mov. Br. at 3).  According to Plaintiff, "[t]his new evidence confirms that ADTSSI-Tyco's conduct, when compared to the conduct of the other non-local defendants, formed a significant basis of the claims asserted by the putative class."  (*Id.* at 3-4).  The Court agrees.

Plaintiff's new evidence shows that 35.3% of the entire class entered into allegedly unlawful alarm-service contracts with ADTSSI-Tyco and thus has claims arising directly from ADTSSI-Tyco's allegedly unlawful conduct. (*See id.* at 4). As Plaintiff correctly observes, "other courts have found similar or even smaller percentages than 35.3% of claims attributable to a local-defendant to support the significance of that defendant's conduct under the local controversy exception." (*Id.*) (citing, e.g., *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1119 (9th Cir. 2015) (finding local defendant's conduct significant where local defendant "was allegedly responsible for between 15-20% of the wrongs alleged by the entire class"); *Kaufman v. Allstate Ins. Co.*, No. 07-6160, 2010 WL 2674130, at *6 (D.N.J. June 30, 2010) (finding local defendant's conduct significant where 13% of class claims for injunctive relief and 44% of damages claims arose from its policies)).

Plaintiff argues—and the Court agrees—that this new evidence goes to several of the *Kaufman* factors, including factor 4 (the number of claims that rely on the local defendant's alleged conduct), factor 5 (the number of claims asserted), and factor 9 (the approximate number of members in the putative classes). *See Kaufman*, 561 F.3d at 157 n.13.

Although this evidence also shows that 64.7% of the class has claims arising from ADT, LLC's conduct, Plaintiff need not demonstrate that the claims against the local defendant predominate over the other defendants. *See Simmons v. Ambit Energy Holdings, LLC*, No. 13-6240, 2014 U.S. Dist. LEXIS 139016, at *14 (S.D.N.Y. Sept. 30, 2014) (observing that the local-controversy test "does not require a showing of *predominance*—that is, . . . that the local defendant's conduct forms a *more* significant basis for the claims asserted than the conduct of the other defendants") (emphasis in original). Rather, Plaintiff must show that "the local defendant's

conduct forming a basis for the claims [is] significant, which is defined as 'important, notable.'" *Id.* (citing *Kaufman*, 561 F.3d at 157 (quoting *Oxford English Dictionary* (2d ed. 1989))).

Plaintiff also provides new discovery showing that "it was ADTSSI-Tyco—and not ADT, LLC or Defenders, Inc.—that formulated and implemented the standardized contract provisions that form the bases of *all* class members' claims, incorporating those provisions into form contracts for mandatory use by local dealers (including Defenders, Inc. and numerous others)." (Pl. Mov. Br. at 6) (citing D.E. No. 45 ("Wolfe Declaration") ¶¶ 10-18). Plaintiff alleges that "ADT, LLC merely inherited and continued these contract provisions and related policies after it began operating the business." (*Id.*) (citing Wolfe Declaration ¶¶ 14-18). Thus, Plaintiff submits that "[t]his evidence supports ADT-SSI-Tyco's significance as compared to both of the other defendants" under several *Kaufman* factors, including factor 4 (the number of claims that rely on the local defendant's alleged conduct), factor 6 (the identity of the defendants), factor 7 (whether the defendants are related), and factor 8 (the number of members of the putative classes asserting claims that rely on the local defendant's alleged conduct). (*Id.*).

Accordingly, based on Plaintiff's new evidence and arguments related thereto, Plaintiff has satisfied the required showing that ADTSSI-Tyco's "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(bb). Indeed, based on the foregoing, the Court concludes that ADTSSI-Tyco's alleged conduct is "an *important* ground for the asserted claims in view of the alleged conduct of all the Defendants." *See Kaufman*, 561 F.3d at 157 (emphasis in original).

Finally, the Court finds that Plaintiff has satisfied its burden in showing that ADTSSI-Tyco is "a defendant from whom significant relief is sought by members of the plaintiff class." *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(aa). As the Tenth Circuit has explained:

> statutory language is unambiguous, and a defendant from whom significant relief is sought does not mean a defendant from whom significant relief may be obtained. There is nothing in the language of the statute that indicates Congress intended district courts to wade into the factual swamp of assessing the financial viability of a defendant as part of this preliminary consideration . . . .

*Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009); *see also Vodenichar v. Halcon Energy Props.*, 733 F.3d 497, 507-08 (3d Cir. 2013) (finding that "significant relief is being sought from the local defendants" because "Plaintiffs seek . . . damages totaling more than $50,000 for each of the 1,362 class members and a declaration that the local defendants were not entitled to receive fees from Plaintiffs for the lease transactions").

Here, Plaintiff's Amended Complaint seeks, among other things, the following relief in connection with ADTSSI-Tyco: (i) certification of the Class[2] for monetary relief pursuant to New Jersey Court Rule 4:32-1(b)(3); (ii) a judgment in favor of Plaintiff and the Class for statutory damages under TCCWNA; (iii) certification of the Subclass[3] for declaratory and injunctive relief, or alternatively certifying the class for money damages; (iv) a declaratory judgment that Defendants violated TCCWNA as to the Class, and CFA and New Jersey decisional law as to the Subclass; (v) treble damages for Plaintiff under the CFA; (vi) reasonable attorneys' fees and costs under the CFA and TCCWNA; and (vii) pre-judgment and post-judgment interest. (*See* Am. Compl. at 9-10). In the Court's view, this relief is significant (i.e., "important, notable") for purposes of the local-controversy-exception analysis. *See Kaufman*, 561 F.3d at 157.

---

[2] Plaintiff's Amended Complaint defines the Class as "[a]ll natural persons who entered into an ADT form Alarm Services Contract the same as or similar to the contract used in the transaction with Plaintiff for alarm services for a New Jersey residential house, apartment or other personal dwelling on or after December 23, 2009 that was assigned to or purchased by ADT." (Am. Compl. at 5).

[3] Plaintiff's Amended Complaint defines the Subclass as "[a]ll members of the class whose contracts were terminated prior to the end of the contract term, and who were assessed an early termination fee by Defendants." (Am. Compl. at 5).

## II.     CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for reconsideration and REMANDS this case to the Superior Court of New Jersey, Middlesex County.  An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
